Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**United States District Court**

**for the**

**DISTRICT OF HAWAII**

JUL 1 4 2006

at 2 o'clock and __ min __ M
SUE BEITIA, CLERK

U.S.A. vs. ROMY SABALBORO                                    Docket No. CR 02-00272DAE-05

### REQUEST FOR COURSE OF ACTION
(Modification of Supervised Release Conditions)

   COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Romy Sabalboro who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 27th day of October 2003, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant refrain from the possession and use of alcohol.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Modification of Supervised Release Conditions

   That the following conditions be imposed:

   General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory).

Prob 12C
(Rev. 1/06 D/HI)

2

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. On 5/17/2006, 6/7/2006, and 6/27/2006, the offender refused to comply with drug testing, in violation of the General Condition.

2. On 5/23/2006, the offender reported that on or about 5/21/2006, he associated with persons engaged in criminal activity, in violation of Standard Condition No. 9.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why the General Condition should not be modified.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why the General Condition should not be modified.

[ ] Other:

I declare under penalty of perjury that the foregoing is true and correct

Executed on    7/11/06

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why the General Condition should not be modified.

Considered and ordered this 11th day of July, 2006, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
U.S. District Judge

Re:   **SABALBORO, Romy**
      **Criminal No. 02-00272DAE-05**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 7 of the Superseding Indictment: Conspiracy to Possess With Intent to Distribute, and Distribute, in Excess of 50 grams of Cocaine Base, a Class A felony. On 10/27/2003, he was sentenced to 38 months imprisonment and 5 years of supervised release. Supervised release began on 2/17/2006.

The offender is diagnosed with schizophrenia. The offender's treatment regimen includes meeting with a psychiatrist once per month, attending weekly mental health sessions with Freedom Recovery Services, and taking all prescribed medication. Approximately 2 months into the supervised release term, the offender began experiencing increased paranoia and delusions. In response to these episodes, his anti-psychotic medication was increased. In addition to his mental health issues, the offender also experienced physical health problems which resulted in the offender undergoing a colonoscopy. The colonoscopy was negative for any traces of cancer; however, this caused a tremendous amount of stress for the offender.

With respect to the offender's compliance with the supervision conditions, he has incurred violations for refusing to submit to drug testing and associating with individuals involved in criminal activity, specifically associating with individuals using illicit drugs.

The proposed modification was presented to the offender. He objects to the modification. The purpose for the modification is to facilitate random drug testing after the course of substance abuse treatment. The offender has an extensive polysubstance abuse history involving cocaine, marijuana, and methamphetamine. This, coupled with the offender's schizophrenia diagnoses and risk-related conduct, the modification appears necessary to monitor his conduct. The violations are as follows:

**Violation No. 1 - Refusing to Comply With Drug Testing:** On 5/17/2006 and 6/7/2006, the offender refused to comply with drug testing at Freedom Recovery Services (FRS). When questioned, the offender reported that he thought he called for the drug testing instructions, but he could not remember.

On 6/27/2006, the offender refused to comply with drug testing at FRS. When questioned, the offender insisted that he did report for drug testing on 6/27/2006.

On 6/29/2006, this officer and Senior U.S. Probation Officer (USPO) Robin DeMello met with the offender to address his missed drug test. The offender continued to insist that he was present for his drug test on 6/27/2006. However, after explaining the attendance confirmation protocol to the offender, he had no further explanation. The attendance confirmation protocol is as follows:  1) the offender must sign in for

Re:    **SABALBORO, Romy**
**Criminal No. CR 02-00272DAE-05**
**STATEMENT OF FACTS - Page 2**

drug testing upon his arrival; 2) the offender provides a urine specimen to FRS staff; and 3) the offender is escorted to another FRS staff member who documents the offender's name on a urine collection log and checks off the offender's name to indicate compliance with reporting for drug testing. There is simply no documentation of the offender's attendance on 6/27/2006. In order to assist the offender with remembering to report for drug testing, the offender was provided with a blank calendar and shown how to mark it off each day that he calls in for his drug tests.

Because the offender was previously oriented to the drug testing protocol and had complied with drug testing on approximately 15 occasions from 2/21/2006 to 6/27/2006, he is charged with refusing to comply with drug testing.

**Violation No. 2 - Association With an Individual Engaged in Criminal Activity**: On 5/22/2006, the offender submitted a urine specimen at FRS that was presumptive positive for methamphetamine. On 5/23/2006, the offender adamantly denied using methamphetamine, but stated that he may have ingested methamphetamine via second-hand smoke. When questioned about this, the offender reported that on or about 5/21/2006, he was at a family party and his cousins were using methamphetamine in his presence. The offender continued to deny that he had used illicit drugs. The offender was counseled and told that he was compromising his recovery by being in the presence of individuals who use methamphetamine. The urine specimen was sent for confirmation testing to Scientific Testing Laboratories, Inc. (STL), and the specimen was negative for illicit drugs.

Re:  **SABALBORO, Romy**
     **Criminal No. CR 02-00272DAE-05**
     **STATEMENT OF FACTS - Page 3**

In light of these violations, the requested modification of supervised release is necessary to more closely monitor the offender's compliance and progress with the goals of supervision. It is recommended that a Summons be issued for the offender's appearance to show cause why the General Condition should not be modified.

Respectfully submitted by,

_____
LISA K.T. JICHA
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Re:  SABALBORO, Romy
     Criminal No. CR 02-00272DAE-05
     STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:    Romy Sabalboro                                  Docket No. CR 02-00272DAE-05

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (2/17/05).

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

      The defendant shall not commit another federal, state, or local crime.

      That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    2/21/06
ROMY SABALBORO                                  Date
Defendant

_____    2-21-06
LISA K.T. JICHA                                  Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   SABALBORO, Romy
      Docket No. CR 02-00272DAE-05

Conditions of Probation and Supervised Release
**(continued from previous page)**

1. Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant refrain from the possession and use of alcohol.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   2/21/06
         ROMY SABALBORO                     Date
         Defendant

_____   2-21-06
LISA K.T. JICHA                    Date
U.S. Probation Officer